By the Court.
Several objections are urged against the allowance of the peremptory writ:
1. The legislature is prohibited by the constitution, art. 1, § 19, from passing an act to require the release of the amount due to the board of education, which has passed into judgment.
2. The act is retroactive and impairs the obligation of a contract, and hence is prohibited by the constitution, art. 2, § 28.
3. The money directed to be released is a trust fund, under the constitution, art. 6, §§ 1, 2, and the general assembly had no such power, with respect to it.
4. The act has a general subject-matter, but being special, it is in conflict with the constitution, art. 2, § 26.
In answer to this contention it is sufficient to say that the objections are not well taken, and that the case is not distim guishable in principle from Board of Education v. McLandsborough, 36 Ohio St. 227. And see State ex rel. Corry v. Hoffman, 35 Ohio St. 435; Nelson v. Milford, 7 Pick. 18; State v. Hammonton, 38 N. J. L. 430. The only question before us is as to legislative power, and that being resolved in favor of its existence, the responsibility, as well as the power, with respect to such legislation, must rest with the general assembly.
Peremptory writ awarded, rerpairing a release as to $5,285.66.